UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GUST MARION JANIS, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>  Defendant. ) | 1:06-cv-1613-SEB-JMS |

**Entry and Notice**

**I.**

Plaintiff Janis was given a period of time in which to **show cause** why certain of the claims asserted pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(6), 2680, should not be dismissed for lack of jurisdiction based on the fact that they were filed outside of the six month statute of limitations set forth in 28 U.S.C. § 2401(b)("A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). Janis has responded.

The issue framed by the order to show cause and Janis' response is whether the FTCA's statue of limitations is subject to equitable tolling. Because 28 U.S.C. § 2401(b) provides no express exceptions to the two-year time limit that begins once a claim accrues, the question is whether tolling is implicitly permissible. The government argues that it is not, and in support of this position discusses the Supreme Court's recent decision in *John R. Sand & Gravel Co. v. United States,* 128 S. Ct. 750 (2008).

In *John R. Sand & Gravel*, the Supreme Court reaffirmed that the statute of limitations for the Court of Federal Claims, 28 U.S.C. § 2501, is a jurisdictional limitation that requires *sua sponte* consideration. *Id.* at 753-54. However, the Court stated "that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *stare decisis*, *see id.* at 756." *Diaz v. Kelly*, 515 F.3d 149, 153-54 (2nd Cir. 2008).

The weight of authority prior to *John R. Sand & Gravel*, and the rule recognized in *John R. Sand & Gravel*, leads this court to conclude that the FTCA's statute of limitations is subject to equitable tolling. The Supreme Court explained:

> In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990), we adopted "a more general rule" to replace our prior ad hoc approach for determining whether a Government-related statute of limitations is subject to equitable tolling-namely, "that the same rebuttable presumption of equitable tolling applicable to suits against private defendants

should also apply to suits against the United States." *Id.* at 95-96, 111 S. Ct. 453. It is also true that *Irwin*, using that presumption, found equitable tolling applicable to a statute of limitations governing employment discrimination claims against the Government. *See id.*, at 96, 111 S.Ct. 453; *see also* 42 U.S.C. § 2000e-16(c) (1988 ed.).

*John R. Sand & Gravel*, 128 S.Ct. 755. In the wake of *Irwin*, the Seventh Circuit "held that failure to comply with the regulations for presenting administrative claims of discrimination (which, as under the FTCA, are necessary precursors to litigation), likewise may be excused, though only for strong reasons." *Kanar v. U.S.,* 118 F.3d 527, 530 (7th Cir. 1997) (citing *White v. Bentsen*, 31 F.3d 474 (7th Cir. 1994)); **accord:** *Motley v. United States,* 295 F.3d 820, 824 (8th Cir. 2002); *Perez v. United States,* 167 F.3d 913, 917 (5th Cir. 1999); *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir. 1998); *Muth v. United States,* 1 F.3d 246, 251 (4th Cir. 1993). In issuing *John R. Sand & Gravel,* the Supreme Court specifically declined to reverse *Irwin* and other related cases. The application, in appropriate circumstances, of equitable tolling to a claim pursuant to the FTCA remains the law.

### III.

The Supreme Court in *Irwin v. Department of Veterans Affairs,* stated that:

> courts have typically extended equitable relief only sparingly, [allowing] equitable tolling in situations where the claimant has actively pursued his judicial remedies . . . or where the complainant has been . . . tricked by his adversary's misconduct into allowing the filing deadline to pass.

498 U.S. at 96; *see also Cao v. Puerto Rico,* 525 F.3d 112 (1st Cir. 2008). Janis seeks relief in this case for tort claims which were denied more than six months before this suit was filed. Those claims may ultimately be barred as a matter of law, 28 U.S.C. § 2401(b), but will not be dismissed at present because Janis may still be able to show that certain claims were subject to equitable tolling.

Accordingly, the summary judgment briefing process shall proceed as previously directed in the Court's Entry of July 3, 2008, which gave Janis through August 28, 2008, to respond to the defendant's motion for summary judgment. However, because Janis has not filed such a response the court shall grant *sua sponte* an additional extension of time to Janis. Janis shall have through September 25, 2008, in which to respond to the motion for summary judgment and the government shall have through October 14, 2008, in which to file a reply.

**IT IS SO ORDERED.**

Date: 09/10/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gust Marion Janis
#27760-048FCI-Butner
P.O. Box 1500
Butner, NC 27509

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov